**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02773-CMA-MJW

LYSA GLUNT, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

GATSBY ENTERTAINMENT, INC., a Colorado corporation, and
ROB MERSIS,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, Motion for Summary Judgment. (Doc. # 13.) For the reasons discussed below, the Court dismisses Plaintiff's federal claims with prejudice and dismisses Plaintiff's state law claims without prejudice.

### I.   BACKGROUND

**A.   FACTS**

Plaintiff Lysa Glunt brings this suit against Defendants Gatsby Entertainment and Rob Mersis, who owns and operates Gatsby's, a restaurant and bar in Denver, Colorado. (Doc. # 1, ¶¶ 3, 5.) Plaintiff alleges, as an individual and on behalf of other similarly situated persons, that: (1) Defendants Gatsby Entertainment and Rob Mersis

violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Colorado Wage Claim Act, C.R.S. § 8-4-101; and the Colorado Minimum Wage Act, C.R.S. § 8-6-101; by diverting employee tips and failing to pay overtime and the minimum wage (Doc. # 1, ¶ 1); (2) Defendants breached their contract with Plaintiff (*id.*, ¶ 39); (3) Plaintiff worked at Gatsby's as a bartender and server from May 30, 2013, to August 20, 2013 (*id.* ¶ 23); (4) Defendants paid her pursuant to a "tip credit," which permits restaurants to pay a sub-minimum wage to their employees who customarily receive tips (*id.*, ¶¶ 8, 9); (5) in tandem with the tip credit, Defendants instituted a "tip-pooling" arrangement that violated state and federal law in that Gatsby's required all employees who received tips directly from customers to combine their tips into a pool, which Gatsby's distributed among those tipped employees, as well as management, kitchen staff, and other employees who are not "customarily and regularly" tipped (*id.*, ¶ 14); (6) in doing so, Defendants instituted an invalid tip pool under the FLSA (*id.*, ¶ 15); and (7) by instituting this invalid tip pool, Defendants improperly invoked the tip credit against her wage, and she and others similarly situated were paid an illegal, sub-minimum wage as a result. (*Id.*)

**B.     PROCEDURAL HISTORY**

Plaintiff filed her Complaint on October 11, 2013 (Doc. # 1). On November 29, 2013, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, a Motion for Summary Judgment (Doc. # 13). Defendants allege that this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), because Gatsby's does not have the

requisite $500,000 minimum gross annual volume of sales to establish enterprise liability under the FLSA. (*Id.* at 2-3.) With respect to the Fed. R. Civ. P. 12(b)(6) Motion, Defendants argue that Plaintiff failed to allege sufficient facts in support of her claims. Plaintiff responded on December 23, 2013 requesting discovery to determine Gatsby's gross annual volume of sales. (Doc. # 24.) Defendants replied on January 9, 2014. (Doc. # 26.) On January 17, 2014, Defendants provided Gatsby's accounting records from January 1, 2013 through December 31, 2013, showing that Gatsby's gross annual volume of sales was $495,740.61. (Doc. # 30.)

## II. DISCUSSION

### A. NATURE OF THE MOTION UNDER REVIEW

Fed. R. Civ. P. 12(b)(1) provides that a defendant may move to dismiss a claim for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion to dismiss may take the form of a facial attack on the complaint's allegations, or, as here, it may challenge the facts on which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002-1003 (10th Cir. 1995). When a party's Rule (12)(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003 (citation omitted). Such reliance on evidence outside the pleadings does not, as a general rule, convert the motion to one for summary judgment under Fed.R.Civ.P. 56, unless resolution of the jurisdictional question is "intertwined with the merits of the case." *Id.* "When subject matter

jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (citation omitted). In that situation, a court is required to convert the Rule 12(b)(1) motion into a Rule 56 summary judgment motion. *Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir. 1991).

In the instant case, Plaintiff's claim of federal jurisdiction is predicated on her FLSA allegations. In order to establish both federal subject matter jurisdiction and a violation of the FLSA, Plaintiff must establish that Gatsby's fulfills the definition of an "enterprise" for the purposes of the Act. 29 U.S.C.A. § 203(s)(1). Thus, the jurisdictional claim and the merits of this case are intertwined. Defendants contend that because Gatsby's did not reach the minimum gross annual volume in the 2013 calendar year, this Court's does not have subject matter jurisdiction over Plaintiff's claims, nor has Plaintiff stated a violation of the FLSA. (Doc. # 30.) Therefore, the Court must convert Defendant's motion to dismiss into a Rule 56 motion for summary judgment. *See Jensen v. Johnson County Youth Baseball League,* 838 F. Supp. 1437, 1440 (D. Kan. 1993)*; Delisle v. LYG Corp.*, 535 F.Supp.2d 1266, 1267 (S.D. Fla. 2008) (converting a motion to dismiss to a motion for summary judgment where the defendant alleged it did not reach the requisite $500,000 minimum gross annual volume of sales under the FLSA.)

**B.     SUMMARY JUDGMENT STANDARD**

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." When reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 840 (10th Cir. 1997). "However, conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence." *The Wellinger Family Trust 1998 v. Hartford Life & Accident Ins. Co., a Conn. Ins. Co.*, No. 11–cv–02568–CMA–BNB, 2013 WL 5339160, at *6 (D.Colo. Sept, 24, 2013) (citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

**C.   FLSA CLAIM**

Defendants contend that Plaintiff has not established enterprise liability coverage under the FLSA. To qualify as a covered enterprise under the FLSA, an employer must have gross annual volume of sales that is not less than $500,000. 29 U.S.C.A. § 203 (s)(1)(A)(ii). An entity's gross annual volume of sales "consists of the gross receipts from all of its sales or its volume of business done during a 12-month period." 29 C.F.R. § 779.265. A defendant employer may present regularly-kept business records to demonstrate below-minimum sales.[1] Defendants' computerized business records and the accompanying declaration from Rob Mersis, President of Gatsby Entertainment, Inc.

---

[1] Under Rule 902(11), in order to be self-authenticating, the document must be a domestic record that is certified by a custodian or another qualified person. F.R.E. 902(11). Rule 803(6)(A)-(C) makes permissible the use of a record of a regularly conducted activity if the record was: (A) "made at or near the time by . . . someone with knowledge," (B) "kept in the course of a regularly conducted activity of a business," (C) "making the record was a regular practice of that activity." F.R.E. 803(6)(A)-(C). As the President of Gatsby Entertainment, Inc., Mersis is qualified to certify the record. In the Daily Sales Report, Mersis provided daily sales totals for each day that Gatsby's was open for business in 2013. (Doc. # 30-1.) Mersis certified that the report is complete (Doc. # 30, ¶ 7) and was "regularly kept in the regular course of Gatsby's business." (*Id.*, ¶ 8.) Thus, the Daily Sales Report is in accord with F.R.E. 902(11) and 803(6)(A)-(C).

(Doc. # 30), are adequate to establish that Gatsby's does not meet the $500,000 minimum gross annual volume of sales requirement.  Consequently, Gatsby's does not meet the definition of enterprise liability under the FLSA, and the Court dismisses Plaintiff's FLSA claims for lack of subject matter jurisdiction.

**D.      PLAINTIFF IS NOT ENTITLED TO DISCOVERY**

Plaintiff asks the Court to permit discovery on the question of Gatsby's gross annual volume of sales.  "Generally, control of discovery is entrusted to the sound discretion of the trial courts."  *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995) (citation omitted), *cert. denied*, 134 L. Ed. 2d 781, 116 S. Ct. 1678 (1996). Federal Rule of Civil Procedure 56(d)(2) permits a court to allow discovery when a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  The nonmovant must file an affidavit that "explain[s] why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts."  *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted).  However, a 56(d) motion cannot be supported by speculation, *F.D.I.C. v. Arciero*, 12-6287, 2013 WL 6698127, at *10 (10th Cir. Dec. 20, 2013), or conclusory declarations, *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).  Further, the movant's exclusive control of the desired information does not require automatic relief under Rule 56(f).  *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (Rule 56(f) amended to Rule 56(d) in 2010).

Plaintiff asserts by way of affidavit that "[a]s a low-level employee of Defendants [sic], I had no access to their accounting records and, therefore, do not presently have the means to investigate their claims." (Doc. # 24-1, ¶ 2.) Plaintiff's 56(d) affidavit fails to demonstrate that she is entitled to discovery on multiple grounds.

First, Plaintiff's allegation that Defendant "apparently does not account for the value of tips, gratuities, and/or service charges collected at his restaurant" (Doc. # 24-1, ¶ 3) does not entitle her to discovery. Under the FLSA, Gatsby's is not required to include tips in its calculation of gross annual volume of sales. *See* 29 C.F.R. § 779.259(a). The FLSA states, in pertinent part, "[g]ross volume is measured by the price paid by the purchaser for the property or service sold to him. . . . It is not measured by profit on goods sold or commissions on sales made for others." *Id.* Tips and gratuities which, by Plaintiff's own admission, are intended to belong exclusively to the party who receives them from the restaurant customer (Doc. # 1, ¶ 13), are an optional amount paid by the customer **in addition to** the price paid for the property or service he or she purchased. Customers may opt to leave a tip for a server or a bartender based on the total amount owed to the restaurant for the food and service sold to him or her. Thus, tips and gratuities received are akin to a commission on a sale, and should not be included in calculations of gross annual volume of sales. *See* 29 C.F.R. § 779.259(a).

Second, Plaintiff fails to "identify the probable facts not available" as required by 10th Circuit jurisprudence. *See Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522. Next, Plaintiff has not demonstrated that she should be permitted to conduct

7

discovery by making a bare speculative allegation that it is "unclear whether Mr. Mersis is including all of his restaurant's business receipts in making his calculations." (Doc. # 24-1, ¶ 3.)  See *Arciero*, 2013 WL 6698127, at *10.  Finally, Plaintiff's claim is not aided by her allegation that Gatsby's accounting information is within Defendants' exclusive control.  See *Price,* 232 F.3d at 783.  Plaintiff does not state a sufficiently specific reason to justify her request, and therefore, this Court, in its discretion, denies Plaintiff's request for discovery.

**E.     REMAINING STATE LAW CLAIMS**

Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  While the Court could choose to exercise supplemental jurisdiction, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).  In fact, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Further, Colorado law recognizes that "if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state claims], the plaintiff may refile those claims in state court." *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996) (citing 28 U.S.C. § 1367(d) for the proposition that the "period of limitations for [a] supplemental claim is tolled while [the] claim is pending in federal court and for 30 days after it is dismissed unless state law provides for a longer tolling period").  Accordingly, having

dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law wage and breach of contract claims. Plaintiff's remaining state law claims are dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissals for lack of jurisdiction should be without prejudice because the court has not reached a disposition on the merits of the underlying claim).

### III.   CONCLUSION

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, Motion for Summary Judgment  (Doc. # 13) is GRANTED, such that Plaintiff's second claim for relief based on the Fair Labor Standards Act is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that Plaintiff's first and third claims for relief based on state law wage and breach of contract are DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that this case is DISMISSED in its entirety.

DATED:  February __07__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge